IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY DILLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY LLC; INTERCONTINENTAL | § | |
| TERMINALS MANAGEMENT | § | |
| COMPANY INC.; AND CIMA SERVICES, | § | |
| L.P., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
## NOTICE OF REMOVAL

Defendant Intercontinental Terminals Company LLC ("ITC") hereby removes this action from the 215th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq*., on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

### I. Introduction

1. On September 8, 2020, Plaintiff Garry Dillard ("Plaintiff") commenced a civil action against ITC, Intercontinental Terminals Management Company Inc. ("ITMC"), and CIMA Services, L.P. ("CIMA") in the 215th Judicial District Court of Harris County, Texas, bearing Cause No. 2020-54452, styled *Garry Dillard v. Intercontinental Terminals Company LLC, Intercontinental Terminals Management Company Inc., and CIMA Services, LP*.[1]

---

[1] Pl. Pet. (Ex. A).

2. ITC has not been served with Plaintiff's Petition as of the date of this filing.

3. This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the two non-diverse defendants—ITMC and CIMA—were improperly joined, meaning complete diversity of citizenship exists. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II. Removal is Proper in This Case

**A.  The amount in controversy exceeds $75,000.**

4. It is apparent from the face of the Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff asserts negligence, negligence per se, and gross negligence claims against ITC,[2] and maintains that ITC is liable to Plaintiff for the following categories of damages:

(i) Past and future medical care;

(ii) Past and future physical pain and suffering;

(iii) Past and future physical impairment;

(iv) Loss of earning capacity;

(v) Past and future disfigurement;

(vi) Medical monitoring; and

(vii) Past and future mental anguish.[3]

---

[2]  Pl. Pet. (Ex. A), ¶¶ 32–36; 40.

[3]  *Id.* ¶ 41.

5. Lest there be any doubt as to the amount in controversy, Plaintiff affirmatively alleges that he seeks damages "over $1,000,000."[4] Plaintiff's contentions regarding the monetary relief he seeks are controlling in this case for purposes of establishing diversity jurisdiction. *See* 28 U.S.C. 1446(c)(2) ("If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

6. Plaintiff also seeks exemplary damages in connection with his gross negligence claim.[5] ITC rejects Plaintiff's contention that punitive or exemplary damages are warranted in this matter. Nevertheless, "[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Celestine v. TransWood, Inc.*, 467 Fed. App'x 317, 319 (5th Cir. 2012) (unpublished)).

7. "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted . . . with gross negligence," *id.* (quoting *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 757 (Tex. App.—Houston [14th Dist.] 2005, no pet.)), a claim Plaintiff has asserted in this case. Exemplary damages under Texas law "may not exceed an amount equal to the greater of . . . [(1)] two times the amount of economic damages; plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." TEX. CIV. PRAC. & REM. CODE § 41.008. Given these caps, a claim for exemplary damages, standing alone, is sufficient to

---

[4] Pl. Pet. (Ex. A), ¶ 6.

[5] *Id.* ¶ 36.

establish that the amount in controversy is satisfied. *See Jasso v. State Farm Lloyds*, No. 1:15-CV-203, 2015 WL 13674737, at *3 (S.D. Tex. Dec. 31, 2015) ("[I]t is apparent from the face of [Plaintiff's] Original Petition that the amount in controversy likely exceeds $75,000 because [Plaintiff] has asserted a claim for exemplary damages that could result in an award of $200,000 or more."), *report and recommendation adopted*, No. 1:15-CV-203, 2016 WL 10788075 (S.D. Tex. Jan. 19, 2016).

**B.    There is complete diversity of citizenship because ITMC and CIMA's citizenship must be ignored in the removal analysis.**

8.    At the time this action was commenced and at present, Plaintiff was and remains a citizen of Texas.[6]

9.    At the time this action was commenced and at present, ITC was and is a Delaware limited liability company.  "[T]he citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).   ITC's sole member, Mitsui USA, is a New York corporation with its principal place of business in New York, at 200 Park Avenue, New York, NY 10166.  For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, ITC is a citizen of New York.  *See* 28 U.S.C. § 1332(c)(1); *Harvey*, 542 F.3d at 1080.

10.    Plaintiffs have improperly joined two additional defendants: ITMC and CIMA.

11.    At the time this action was commenced and at present, ITMC was and remains a corporation organized in the State of Texas, with its principal place of business in

---

[6]    Pl. Pet. (Ex. A), ¶ 2.

Houston, Texas. ITMC is an entity wholly owned by Stephen Miles, the former president of ITC who retired from that position in 2006, and his wife, Marilyn Miles.

12. At the time this action was commenced and at present, CIMA was and remains a domestic limited partnership organized in the State of Texas. The general partner of CIMA Services, LP is CIMA Services Management, Inc., which is a corporation organized in the State of Texas with its principal place of business in Harris County, Texas.

13. ITMC and CIMA are therefore citizens of Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c) (corporations); *Harvey*, 542 F.3d at 1079 (holding that the "citizenship of a limited partnership is based upon the citizenship of each of its partners"). Were they proper parties to this lawsuit, their presence would preclude the Court's exercise of its diversity jurisdiction. However, because they were improperly joined (as explained below), ITMC and CIMA's citizenships are ignored for purposes of the removal analysis. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 948 (S.D. Tex. 2016) ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction.").

**C.    ITMC and CIMA were improperly joined.**

14. Plaintiffs in related litigation regarding the ITC fire have attempted to join ITMC and CIMA as defendants, presumably to defeat diversity jurisdiction. *See Munoz et al. v. Intercontinental Terminals Company, LLC* ("*Munoz*"), 4:19-cv-01460 (DE 6, 21, 156, 192). Indeed, Plaintiff's counsel in this case has been integrally involved in those efforts and is part of the leadership structure for the plaintiffs in the consolidated litigation related to the ITC fire. *Munoz* DE 223. To date, the court has rejected the plaintiffs' attempts to join ITMC and CIMA as defendants, necessarily considering the viability of purported claims against these companies.

15. A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915 (5th Cir. 2009). Thus, "a plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), aff'd, 337 F. App'x 397 (5th Cir. 2009).

16. Alternatively, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Anderson*, 342 Fed. App'x at 915 (internal quotations omitted).

17. Here, Plaintiff has improperly joined ITMC and CIMA. In both instances, Plaintiff has failed to state a cause of action against these Defendants and/or has misstated or omitted facts that would determine the propriety of joinder.

  **i. ITMC was improperly joined.**

18. Plaintiff has failed to state a claim against ITMC under Texas law.

19. Plaintiff has included ITMC as a defendant presumably because it is a Texas citizen, but with no *factual* allegations indicating any involvement in or responsibility for the underlying incident or Plaintiff's alleged damages.

6

20. Plaintiff has alleged negligence, gross negligence, and negligence per se claims against ITMC premised on the generic allegation that ITMC "participated in the development of ITC's operating procedures . . ., and the training of ITC employees."[7]

21. From there, Plaintiff merely alleges in conclusory fashion that ITMC failed to provide these unspecified services in a proficient manner. But Plaintiff's Petition contains no factual allegations establishing what those alleged deficiencies were or how they relate in any way to the underlying incident or Plaintiff's alleged damages. Plaintiff's failure to supply any plausible, factual link between ITMC's alleged conduct and the underlying incident is fatal to his negligence claims. *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (finding plaintiffs had failed to state "a plausible, non-conclusory allegation as to breach" where their claims failed to identify any link between the allegedly wrongful conduct and the incident allegedly resulting in injury). And her undifferentiated liability averments directed at both ITC and ITMC cannot salvage Plaintiff's deficient allegations. *Id.* ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *5 (N.D. Tex. Sept. 25, 2014) (recognizing that "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (quoting *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)).

---

[7] Pls. Pet. (Ex. A-1), ¶ 28.

7

22. Even if Plaintiff had stated a claim against ITMC (which he has not), because he has "misstated or omitted discrete and undisputed facts," the Court may "pierce the pleadings and conduct a summary inquiry" to determine the propriety of ITMC's joinder. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

23. As noted above, Plaintiff's claims against ITMC are premised on the allegation that ITMC "participated in the development of ITC's operating procedures . . . and the training of ITC employees" relevant to the incident at issue in this lawsuit.[8]

24. Contrary to Plaintiff's conclusory allegations, ITMC has provided no management or consulting services to ITC that could conceivably be relevant to this dispute. ITMC, formerly known as Stemil, Inc. ("Stemil"), is an entity that has been owned since its inception by Stephen Miles and his wife, Marilyn Miles. Mr. Miles was the president of ITC from its founding in 1972 through his retirement in 2006. His entity, Stemil (i.e., ITMC), held an interest in the entity that operated the ITC terminal facility until 1996, when it sold that interest. Stemil (i.e., ITMC) has never held an interest in the terminal facility itself. Neither Mr. Miles nor his entity, ITMC, has had any involvement with ITC's operations since his retirement in 2006, a full thirteen years before this incident.

25. The documents excerpted and attached as exhibits to Plaintiff's Petition confirm that Plaintiff has no basis to assert claims against ITMC. Some of the documents relate to ITC, not ITMC, or are entirely irrelevant to operations at the ITC terminal facility. Others contain statements by individuals who would have no personal knowledge of ITC's operations and management or ITMC's purported involvement in either. The remaining documents reflect nothing more than the historical connection between Mr. Miles and ITMC, on the one hand, and

---

[8] Pls. Pet. (Ex. A-1), ¶ 28.

ITC's terminal facility, on the other. These materials provide no support for Plaintiff's bald assertions that ITMC's alleged participation in the creation of procedures and training had anything to do with the 2019 fire forming the basis of her claims, which occurred roughly 13 years after Mr. Miles retired as president of ITC.

26. Plaintiff's factual allegations directed at ITMC are not only insufficient to state a claim, but are also demonstrably inaccurate.

### ii. CIMA was improperly joined.

27. Plaintiff has failed to state a cause of action against CIMA and, in any event, has misstated discrete and undisputed facts in his attempt to allege valid claims against CIMA. As with ITMC, it is apparent that CIMA was included as a defendant in this lawsuit for the sole purpose of defeating diversity jurisdiction. Indeed, the Court has already found that virtually identical allegations are insufficient to state a viable claim against CIMA in denying leave to add CIMA as a defendant.[9]

28. Plaintiff alleges that CIMA is liable for negligence, gross negligence, and negligence per se and is responsible for the incident forming the basis of his claims because of work it did at ITC's facility *three years* before that incident.[10] Specifically, Plaintiff alleges that "ITC hired CIMA to upgrade the butane injection system" and that it replaced two-inch piping with four-inch "used piping" that was inadequate to serve as a butane injection line.[11] Plaintiff further alleges that CIMA was responsible for "obtaining all required work permits and for

---

[9] *See Munoz*, DE 374.

[10] *Id.* at ¶¶ 37-40

[11] *Id.* at ¶ 14.

inspection and testing" of the butane injection line,[12] but "failed to adequately conduct these inspections and tests."[13]

29. These allegations are insufficient as a matter of law because Plaintiff's petition fails to identify any causal connection between CIMA's work at ITC's facility and the incident forming the basis of their claims  In particular, Plaintiff fails to explain or plausibly allege how purportedly deficient piping used to inject *butane* could result in a release of *naphtha*. Thus, Plaintiffs have failed to allege proximate cause. *Bonin v. Sabine River Auth. of Tex.*, No. 1:17-CV-00134-TH, 2019 WL 1246259, at *8 (E.D. Tex. Mar. 1, 2019) (citing *W. W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005)), *report and recommendation adopted*, No. 1:17-CV-00134-TH, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019) (a plaintiff must plausibly allege that his or her injuries "would not have occurred otherwise" without the defendant's conduct).

30. That CIMA has been improperly joined in this case is further confirmed by the documentation produced by CIMA, which is in the record for the consolidated proceedings related to the ITC fire. For example, CIMA has produced documentation showing that it replaced the two-inch piping with *new*, four-inch piping,[14] contrary to Plaintiff's allegations that the piping came from "a section of the old Aniline wash line."[15] Moreover, CIMA has produced documentation plainly showing that it inspected the piping.[16]

---

[12] *Id.* ¶ 15.

[13] *Id.*

[14] *Munoz* DE 163-4.

[15] Pls. Pet. (Ex. A-1), ¶ 14.

[16] *Munoz* DE 163-4.

31. Finally, governmental reports and materials related to the incident that are included with Plaintiff's Petition provide further support for the inevitable conclusion that his conclusory allegations against CIMA find no support in the relevant facts. None of those documents so much as reference CIMA, let alone suggest that its work caused or contributed to the incident.[17]

### III. The Procedural Requirements for Removal have been Satisfied

32. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because ITC has yet to be served with Plaintiff's Petition.

33. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

34. Neither ITMC nor CIMA have been served with this petition. Moreover, as improperly joined defendants, ITMC and CIMA need not consent to removal. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

35. Pursuant to 28 U.S.C. § 1446(d), ITC is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon counsel for all parties pursuant to 28 U.S.C § 1446(d).

36. Pursuant to Local Rule 81 for the Southern District of Texas, ITC attaches the following indexed documents to this removal:

---

[17] Pls. Pet. (Ex. A-1), Exs. A and B.

  (i)  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

  (ii)  All executed process in the case (Exhibit B);

  (iii)  All orders signed by the State Judge (Exhibit C);

  (iv)  The docket sheet (Exhibit D);

  (v)  An index of matters being filed (Exhibit E); and

  (vi)  A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

37. ITC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief may be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

## IV. Conclusion

ITC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

| | |
|---|---|
| Date: October 8, 2020 | Respectfully submitted, |
| | BAKER BOTTS L.L.P. |
| OF COUNSEL: | |
| Michael S. Goldberg | By: */s/ Russell C. Lewis* |
| Texas Bar No. 08075800 |     Russell C. Lewis |
| Federal I.D. No. 01279 |     Attorney-in-Charge |
| Benjamin Gonsoulin |     Texas Bar No. 24036968 |
| Texas Bar No. 24099682 |     Federal I.D. No. 569523 |
| Federal I.D. No. 2969896 |     One Shell Plaza |
| Kelly Hanen |     910 Louisiana Street |
| Texas Bar No. 24101862 |     Houston, Texas 77002-4995 |
| Federal I.D. No. 3038458 |     Telephone: (713) 229-1767 |
| Elizabeth Furlow |     Facsimile: (713) 229-2867 |
| Texas Bar No. 24109899 |     russell.lewis@bakerbotts.com |
| Federal I.D. No. 3402815 | |
| BAKER BOTTS L.L.P. | ATTORNEYS FOR DEFENDANT |
| One Shell Plaza | INTERCONTINENTAL TERMINALS |
| 910 Louisiana Street | COMPANY LLC |
| Houston, Texas 77002-4995 | |
| Telephone: (713) 229-1234 | |
| Facsimile: (713) 229-1522 | |
| michael.goldberg@bakerbotts.com | |
| ben.gonsoulin@bakerbotts.com | |
| kelly.hanen@bakerbotts.com | |
| elizabeth.furlow@bakerbotts.com | |
| | |
| Ivan M. Rodriguez | |
| Texas Bar No. 24058977 | |
| Federal I.D. No. 4566982 | |
| Marc G. Matthews | |
| Texas Bar No. 24055921 | |
| Federal I.D. No. 705809 | |
| J. Alan Harrell | |
| Texas Bar No. 24114609 | |
| Federal I.D. No. 3416065 | |
| PHELPS DUNBAR LLP | |
| 500 Dallas, Suite 1300 | |
| Houston, Texas 77002 | |
| Telephone: (713) 626-1386 | |
| Telecopier: (713) 626-1388 | |
| ivan.rodriguez@phelps.com | |
| marc.matthews@phelps.com | |
| alan.harrell@phelps.com | |

## CERTIFICATE OF SERVICE

  This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 8th day of October 2020.

  William R. Ogden
  Farrar & Ball, LLP
  1117 Herkimer Street
  Houston, TX 77008
  bill@fbtrial.com

  Chance A. McMillan
  The McMillan Law Firm
  440 Louisiana, Ste. 1200
  Houston, Texas 77002-1691
  cam@mcmillanfirm.com

  *Attorneys for Plaintiff*

            */s/ Russell C. Lewis*
            Russell C. Lewis